IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02488-BNB

EUGENE WIDEMAN JR.,

    Plaintiff,

v.

DR. WILLIAM WATSON, and
THE MAPLE LEAF ORTHOPAEDIC CLINIC,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Eugene Wideman Jr., resides in Pueblo, Colorado. Mr. Wideman initiated this action by filing a Complaint (ECF No. 1) alleging that he was a victim of medical malpractice and that his constitutional rights were violated.

    On September 17, 2014, the Court entered an order (ECF No. 5) directing Mr. Wideman to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and that provides a short and plain statement of the grounds for the court's subject matter jurisdiction by identifying a proper statutory authority that allows the court to consider his claims. On October 9, 2014, Mr. Wideman submitted an Amended Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 8101.

**I. Pro Se Plaintiff**

    The Court must construe the filings liberally because Mr. Wideman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991); *see also Trackwell v. United States,*

472 F.3d 1242, 1243 (10th Cir. 2007) (holding allegations in pro se pleadings and other papers to less stringent standards than those drafted by attorneys). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* The Court also may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. V. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

## II. Lack of Subject Matter Jurisdiction

It is the Court's duty to assure itself of its subject matter jurisdiction before proceeding with any case. *See Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Rule 12 of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) and (h)(3). Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case. Rather, it calls for a

determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso,* 495 F.2d at 909; *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

### III.  Analysis

In the Amended Complaint, Mr. Wideman asserts jurisdiction pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 8101.[1] Mr. Wideman alleges that Defendants violated his First Amendment Right to free speech, Fourth Amendment property rights, and his right to receive medical care under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101. He alleges that he is a former federal employee who was injured in the performance of his duty and that Defendant Watson was his "primary Workers Compensation Doctor." He contends that Defendant Watson "did nothing to improve

---

[1] It appears that Mr. Wideman intends to assert jurisdiction pursuant to the Federal Employees Compensation Act, 5 U.S.C. § 8101, not 42 U.S.C. § 8101, which is the statutory provision for Congressional findings and declaration of purpose for the Neighborhood Reinvestment Corporation.

my condition" and in 2009, caused "me to have a blood clot, that required replacement of my Right Knee." He further alleges that Defendant Watson "dropped me as a patient, claiming I was to [sic] difficult to treat, and has interfered with my right to have continuous medical by illegally refusing to hand over my medical records for over six months." He also alleges that Defendant Watson's "claim that I was an un-treatable patient is a violation of my 1st Amendment Right to Free Speech." Mr. Wideman finally alleges that Defendants have "illegally confiscated" his medical records, which is a violation of his Fourth Amendment property rights.

Mr. Wideman's conclusory allegations that his First and Fourth Amendment constitutional rights have been violated do not provide a basis for subject matter jurisdiction. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Mr. Wideman has not alleged any facts that would give rise to a legally-cognizable constitutional violation.

Moreover, a claim under § 1983 "requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health,* 720 F.3d 770, 773 (10th Cir. 2013) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982)). Mr. Wideman does not allege that Defendants are state actors or were acting under color of state law. Nothing in the

Amended Complaint indicates that Defendants are anything other than private medical providers that treated Mr. Wideman for his work related injuries.[2]

In addition, Mr. Wideman's allegation that FECA, 5 U.S.C. § 8101, confers jurisdiction over his claims that Defendants failed to provide comprehensive, continuous, and competent medical care is without merit.  The Act requires that the federal government compensate its employees who are injured on the job, but does not establish a cause of action against private individuals.  See 5 U.S.C. § 8102(a); *Boutte v. Northwestern Medical Facility Foundation,* 276 Fed. Appx. 490, 491 (7th Cir. 2008) (affirming dismissal for lack of subject matter jurisdiction because FECA does not provide a cause of action against private individuals) (citing *Ezekiel v. Michael,* 66 F.3d 894, 898-99 (7th Cir. 1995)).

Moreover, Mr. Wideman cannot assert a claim against Defendant under the Federal Tort Claims Act (FTCA).  The Act "was designed primarily to remove the sovereign immunity of the United States from suits in tort."  *Millbrook v. United States,* 133 S. Ct. 1441, 1443 (2013) (citing *Levin v. United States,* 133 S. Ct. 1224, 1228 (2013)).  The Act gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope

---

[2]Although the Amended Complaint indicates that Mr. Wideman's constitutional claims purport to be brought under § 1983, the Court also construes Mr. Wideman's allegations as attempting to assert a *Bivens* claim for violations of the Constitution.  Mr. Wideman cannot proceed pursuant to *Bivens,* however, because he does not allege that Defendants were federal agents, acting under color of federal authority, as is required by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971); *see also Correctional Services Corp. v. Malesko,* 534 U.S. 61 (2001) (rejecting *Bivens* claim against private entity acting under color of federal law).

5

of his office or employment." 28 U.S.C. § 1346(b)(1). Thus, FTCA provides a cause of action against only the United States, and not against private individuals. *See* 28 U.S.C. § 1346(b)(1); *see also Richards v. United States,* 369 U.S. 1, 6 (1962).

Moreover, FECA provides the exclusive remedy for federal employees injured at work. *See* 5 U.S.C. § 8116(c)1. FECA also bars any FTCA suit by Mr. Wideman to recover for medical malpractice arising out of his work related injury. *See Williams v. Siverts,* No. 05-cv-486-HEA, 2005 WL 1899385 (E.D. Missouri Aug. 9, 2005) (recognizing that although plaintiff was not suing for the injury he suffered at work, but for a medical malpractice arising out of the injury, this distinction was without a difference) (citing *Lance v. United States,* 70 F.3d 1093, 1095 ( 9th Cir. 1995)). *See also Baker v. Barber,* 673 F.2d 147 (6th Cir. 1982) (noting that FECA provides compensation for work related injuries and that additional injuries caused by intervening negligent medical treatment also appear to be compensable under FECA); *Gold v. United States,* 387 F.2d 378 (3d Cir. 1967) (holding that plaintiff who alleged malpractice had exclusive remedy under FECA). "Therefore, when Congress gave federal employees the right to recover for an injury under FECA, it took away their right to sue the government in tort for medical malpractice arising out of the injury as well as for the injury itself." *Lance,* 70 F.3d at 1095 (*citing McCall v. United States,* 901 F.2d 548, 550-51 (6th Cir. 1990). Because Mr. Wideman brings this suit for injuries he suffered as a result of the medical care provided for his work related injuries, FECA is the exclusive remedy for Mr. Wideman's claims.

Mr. Wideman has failed to fulfill his burden in establishing the Court's subject matter jurisdiction over this case. *See Basso,* 495 F.2d at 909. As a consequence, this

Court must dismiss this action. Accordingly, it is

ORDERED that the Complaint and action are DISMISSED WITHOUT PREJUDICE due to the Court's lack of subject matter jurisdiction. It is

FURTHER ORDERED that any pending motions are DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated: October  31st , 2014 at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court